42118. RUSTIN et al. v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al.
42119. SPAIN v. STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY et al.
(330 SE2d 356)

GREGORY, Justice.

At approximately 10:15 p.m. on October 28, 1980, appellant Spain was driving in the westbound lane of West Paces Ferry Road in Atlanta. He stopped behind Rustin, the deceased, at a stoplight at the intersection of West Paces Ferry and Northside Drive. When the light became green Rustin did not proceed through it. According to Spain's trial testimony, Spain sounded the horn of his car several times to alert Rustin that the light was green. When Rustin failed to move his car, Spain drove around him. A short distance away as Spain turned into a driveway off West Paces Ferry, Rustin's auto struck the rear bumper of Spain's vehicle. Rustin drove away and Spain followed him at estimated speeds of 70 to 75 miles per hour. Spain testified he followed Rustin because the latter had left the scene of an accident. Within one-half mile of the collision, Spain overcame Rustin. Both men stopped, and then exited, their vehicles. Spain testified that Rustin ran toward him, flailing his arms and screaming. Spain testified that "out of fear" he removed his wife's .380 Mauser pistol from his vehicle and shouted, "Stop, I have a gun." When Rustin failed to stop, Spain discharged the weapon, killing Rustin.

Rustin's parents, appellants here, filed a wrongful death action against Spain. The liability coverage section of Spain's policy provides that State Farm "will pay damages which an insured becomes legally liable to pay because of bodily injury to others and damage to or destruction of property including loss of its use, *caused by accident resulting from the ownership maintenance or use of [the insured's] car. . . .*" (Emphasis supplied.)

State Farm filed this petition for declaratory judgment against the Rustins and Spain to determine its liability under this portion of the policy. State Farm argued that Rustin's death was not caused by an accident resulting from the use of Spain's vehicle, and that, therefore, it had no liability under the policy.

The trial court denied both parties' motions for summary judgment, but later granted State Farm's motion for a directed verdict. The Rustins and Spain filed an appeal to the Court of Appeals which transferred the case to this court in accordance with Article VI, Section V, Paragraph V of the Constitution of the State of Georgia, 1983.[1]

---

[1] This constitutional paragraph provides, "In the event of an equal division of the Judges [of the Court of Appeals] when sitting as a body, the case shall be immediately transmitted

1. The parties agree that the limited issue before us is whether, under the circumstances of this case, Rustin's death was caused by the *use* of Spain's automobile, so as to trigger the liability coverage section of Spain's policy with State Farm.

"Use" while an admittedly elusive term, may be defined as "to employ for some purpose." The American Heritage Dictionary of the English Language, 1980, Houghton Mifflin Company. Accord Black's Law Dictionary, Rev. 4th ed., 1968. The evidence strongly indicates that the conflict developed between Rustin and Spain as a result of the incident at the stoplight and the further incident in the driveway. We agree with appellants that there is a relationship between these incidents and the ultimate death of the victim. That there is such a relationship, however, does not mean that Rustin's death was a result of Spain's *use* of the automobile. Spain's car was *employed for the purpose* of transporting him to the scene of his final encounter with Rustin. Rustin's death did not result from the employment of the vehicle for any further purpose. Rather, Rustin's death resulted from the employment of the pistol, either to frighten the deceased or to kill him, whether maliciously or in self-defense. It is clear that beyond transporting Spain to the scene of Rustin's death, the car was not *used* for any purpose regarding the death within the meaning of the liability insurance policy in question. Therefore, we find the trial court did not err in directing a verdict in favor of appellee State Farm.

2. *Ga. Farm Bureau Mut. Ins. Co. v. Greene*, 174 Ga. App. 120 (329 SE2d 204) (1985), cited by appellants, is distinguishable. There the Court of Appeals held that in entering into the insurance contract in question, the parties had contemplated that "use" of the school bus which would trigger liability coverage under the contract encompassed "not only depositing [school children] outside the bus, but assuring that they reach a place of safety which . . . may include crossing a street." In the case before us it cannot be said that in entering into the insurance contract the parties contemplated that the policy would cover damages for wrongful death where the insured employs his vehicle solely for the purpose of driving to a location, then gets out of the vehicle and shoots another person.

*Judgment affirmed. All the Justices concur except Weltner, J., not participating.*

---

to the Supreme Court." In this case, one of the judges of the Court of Appeals was disqualified. The remaining eight judges were equally divided as to whether it was appropriate for the trial court to grant a directed verdict on the issue of State Farm's liability.

496

DECIDED JUNE 10, 1985 —
REHEARING DENIED JUNE 27, 1985.

*Tate, Mallernee & Wildau, Robert P. Wildau,* for appellants (case no. 42118).
*Virginia P. Gregory,* for appellant (case no. 42119).
*Joseph Gardner III, Virginia P. Gregory, J. Blair Craig, Tate, Mallernee & Wildau, Robert P. Wildau,* for appellees.