[No. B017639. Second Dist., Div. Six. Feb. 19, 1987.]

UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff and Respondent, v.
JENNIFER LEDGER et al., Defendants and Appellants.

COUNSEL

Dale G. Givner and Alan B. DeFilippi for Defendants and Appellants.

Errol Berk and Dorothy Lou Crisp for Plaintiff and Respondent.

OPINION

BRADLEY, J.*—United Services Automobile Association (USAA) brought this action for declaratory relief against Jennifer Ledger, Richard Arters and Richard Arters III, beneficiaries of decedent Richard Arters II (Arters). The trial court granted summary judgment in favor of USAA, holding that an automobile insurance policy issued by USAA to Ronald W. Tippitt (Tippitt) did not cover a fatal injury inflicted upon Arters by Tippitt. We affirm.

FACTS

On March 15, 1983, Tippitt and Arters were involved in an altercation that resulted in the tragic death of Arters. Earlier in the day Tippitt agreed to give Loren Knight (Knight) a ride from Ventura to Ojai. They left Ventura at approximately 3 p.m. Tippitt was unfamiliar with the area so Knight gave him directions. He told Tippitt to drive north on Highway 101 and east on Highway 33; however, Knight failed to inform Tippitt that Highway 33 narrows from two lanes to one lane. Arters was also driving his vehicle toward Ojai on Highway 33. At a point just before the end of the two lanes, Tippitt was forced to quickly merge into the right lane causing Arters to take evasive action to avoid a collision.

---

*Assigned by the Chairperson of the Judicial Council.

Tippitt continued along Highway 33 through Casitas Springs, Oakview, and turned right on Valley Meadow Road. After turning on Valley Meadow Tippitt commented that Arters's vehicle appeared to be following. Tippitt continued to drive on Valley Meadow Road until Knight told him to turn into a gravel parking area. Arters's vehicle immediately pulled up along side blocking any further movement of Tippitt's vehicle. Arters began yelling at Tippitt from inside his vehicle. Tippitt made an effort to calm Arters but did not succeed. After a brief period of yelling Arters challenged Tippitt to fight and the latter accepted. Arters exited his automobile and moved towards Tippitt. Tippitt exited his vehicle just as Arters got to his location. Arters threw one punch in the area of driver's side of Tippitt's vehicle and then the combatants moved behind Tippitt's vehicle. They scuffled in close proximity to one another and when they separated there was blood on Arters's shirt. Arters collapsed and died shortly thereafter of a stab wound to the heart.

## PROCEDURAL HISTORY

On April 5, 1985, USAA filed a complaint for declaratory relief requesting a declaration that it was not obligated to defend or indemnify Tippitt under its automobile insurance policy. It also filed a motion for summary judgment contending that there was no triable issue of material fact regarding insurance coverage under the policy. On September 25, 1985, the trial court granted summary judgment in favor of USAA and this appeal followed.

## CONTENTIONS

Appellants' contentions are as follows:

(1) The trial court erroneously applied a restrictive standard in interpreting the phrase "arising out of the use" of a motor vehicle.

(2) A triable issue of material fact exists with respect to whether Arters's injury arose from the use of Tippitt's vehicle.

## DISCUSSION

*A. Interpretation of Insurance Policy.*

Appellants contend that the lower court erroneously applied a restrictive standard in interpreting the phrase "arising out of the use" of a motor vehicle. We disagree.

The automobile insurance policy issued by USAA provided coverage for any act, accident, or incident which arose out of the "ownership, mainte-

nance or use" of the insured's automobile. Appellants argue that the near collision precipitated the fight and, therefore, the injury sustained by Arters arose out of the use of Tippitt's vehicle because the fight "grew out of or flowed from" the operation of the vehicle. ■ The California rule, and the rule in most jurisdictions interpreting the phrase "arising out of the use" of a motor vehicle is stated in *State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94 at page 100 [109 Cal.Rptr. 811, 514 P.2d 123]: "As noted above, the insuring clause of the automobile liability policy provided the typical coverage for bodily injuries 'arising out of the . . . use . . . of the insured automobile.' Past California cases have established beyond contention that this language of 'arising out of the use,' *when utilized in a coverage or insuring clause of an insurance policy,* has broad and comprehensive application, and affords coverage for injuries bearing almost *any* causal relation with the vehicle. . . ." In other words "arising out of the use" of the motor vehicle means that there need only be some *minimal causal* connection between the injury and vehicle.

Recent cases in other jurisdictions involving facts remarkably similar to the case at bar have found no minimal causal connection between the injury and the vehicle and have denied coverage. Although not binding on us, we find their reasoning persuasive.

In *State Farm Mut. Auto. Ins.* v. *Fernandez* (9th Cir. 1985) 767 F.2d 1299, appellant was stabbed by an uninsured motorist after the two had been involved in the overzealous use of their high beam headlights. The appellate court affirmed the granting of a summary judgment motion holding that the insured was not entitled to recover under the uninsured motorist provision of his automobile liability policy.

In *Rustin* v. *State Farm Mut. Auto. Ins. Co.* (1985) 254 Ga. 494 [330 S.E.2d 356], the deceased's vehicle struck the rear bumper of the insured's vehicle. A confrontation ensued which concluded when the insured shot and killed the deceased. The appellate court affirmed a directed verdict holding that appellants, beneficiaries of the deceased, were not entitled to recover under an automobile insurance policy.

In *Foss* v. *Cignarella* (1984) 196 N.J.Super. 378 [482 A.2d 954], Cignarella (the insured) sideswiped appellant's vehicle. Both drivers stopped; however, appellant's vehicle bumped into the rear of Cignarella's vehicle. Cignarella flew into a rage, ran up to appellant and stabbed him in the chest. The court granted a summary judgment motion holding that appellant could not recover under the automobile liability policy.

The *Fernandez, Rustin,* and *Foss* courts all recognized that the insurance coverage test requires a broad and comprehensive interpretation of the phrase "arising out of the use" and that there need be only some minimal causal connection between the use of the vehicle and the injuries.[1] However, those courts also recognized that the act which caused the injury must have been within the contemplation of the insurer and the insured.[2]

The *Foss* court discussed the principles of insurance coverage as set forth in the leading cases and concluded as follows: "The application of these principles to the circumstances of the present case leads to the conclusion that the stabbing of plaintiff, Foss, by the intoxicated Cignarella did not arise out of the use of the insured vehicle by Cignarella. . . . It did not originate from the use of the vehicle as such, nor can it be said that it arose out of, or was connected with, the inherent nature of the automobile. At best, the connection between plaintiff's injury and the insured vehicle was that Cignarella's use of the car permitted him to be at the place where he committed his attack upon plaintiff, or, 'but for' his use of the automobile and the ensuing accident, the assault upon the plaintiff would not have occurred. This is not the substantial nexus required between the use of the insured vehicle and the injury to impose liability upon the insurer. But even if it be considered that the stabbing was sufficiently related to the Cignarella vehicle as to constitute conduct arising from his use thereof, it would be unreasonable to conclude that the parties to the insurance contract contemplated that the policy would insure against such an incident. . . ." (*Id.,* at p. 957.)

The reasoning of the *Foss* court is equally applicable to the case at bar. The fatal injury was inflicted approximately five miles from the inadvertent lane change and only after Arters followed Tippitt to the Valley Meadow Road location. The stabbing itself, however regrettable and unfortunate, was not causally connected with Tippitt's use of the vehicle or can any stretch of the imagination bring the stabbing incident within the contemplation of the parties to the insurance contract. As pointed out by respondent, the vehicle served only to transport Tippitt to the scene where the stabbing took place. Therefore, we conclude that there was an insufficient causal connec-

---

[1] *Foss* v. *Cignarella, supra,* 196 N.J.Super. 378 [482 A.2d 954, 956] quoted from *Westchester Fire Ins. Co.* v. *Continental Ins. Companies* (1973) 126 N.J.Super. 29 [312 A.2d 664] as follows: "We consider that the phrase 'arising out of' must be interpreted in a broad and comprehensive sense to mean 'originating from' or 'growing out of' the use of the automobile. So interpreted, there need be shown only a substantial nexus between the injury and the use of the vehicle in order for the obligation to provide coverage to arise. . . ."

[2] "The inquiry should be whether the negligent act which caused the injury, although not forseen or expected, was in the contemplation of the parties to the insurance contract a natural and reasonable incident or consequence of the use of the automobile, and thus a risk against which they might reasonably expect those insured under the policy would be protected." (*Westchester Fire Ins. Co.* v. *Continental Ins. Co., supra,* 126 N.J.Super. at p. 38 [312 A.2d at p. 669].)

tion between the stabbing and the vehicle to consider that the former "arose out of the use" of the latter.

B. *Triable Issue of Material Fact.* Appellants contend that a triable issue of material fact exists with respect to whether Arters's injury arose from the use of Tippitt's vehicle. We disagree.

■ The law relating to a summary judgment motion is clear. The moving party must demonstrate that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. (*Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 851-852 [94 Cal.Rptr. 785, 484 P.2d 953].) Because of the drastic nature of the procedure and the importance of safeguarding the adverse party's right to a trial, the moving party must make a strong showing. (*Weichman* v. *Vetri* (1950) 100 Cal.App.2d 177 [223 P.2d 288].) ■ In the case at bar the trial court found that USAA had made such a showing and that there was no triable issue of material fact with respect to the liability insurance policy and the fatal injury. The trial court was correct.

First, we have previously discussed the relationship between the near collision and the fatal injury. The near collision or any other use of the Tippitt vehicle had no "minimal causal connection" with the fatal injury as a matter of law. (*Foss* v. *Cingarella, supra,* 196 N.J.Super. 378 (482 A.2d 954].) Second, there is no triable issue of fact as to whether the stabbing took place while both individuals were outside of the vehicle or while Tippitt was exiting his vehicle. As pointed out by respondent, the evidence establishes that both men had exited their vehicles and moved behind Tippitt's vehicle before the stabbing took place.

Accordingly, the motion for summary jugment was properly granted and the judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.