A89A1312. MILLER v. ECONOMY TRADING & LIQUIDATING, INC.
(387 SE2d 620)

BENHAM, Judge.

This action arises out of an agreement by appellant to purchase water-damaged yarn from a salvage company. In August 1987, a flood in the carpet mill of Queen Carpet of Dalton damaged a substantial amount of yarn. Tests conducted by an underwriting salvage firm and Queen Carpet revealed that the average excess moisture was 6.8 percent for the spun yarn and 5.1 percent for the filament yarn.

Appellee is in the business of liquidating claims in conjunction with insurance losses. It buys damaged products, then finds a market in which to sell them. Contacted about the wet yarn, and informed by the salvage company with which it regularly did business that the insurance company and Queen Carpet had settled on an excess moisture factor, appellee began trying to find a market for the wet yarn. After it received several bids on the wet yarn, appellee contacted appellant about the availability of the wet yarn. An agent of appellee testified that he told appellant the insurance company was allowing an excess moisture content of 5.8 percent on the spun yarn and 6.1 percent on the filament yarn, but appellant testified that the agent said there was excess moisture of 6.1 percent. Appellee put on evidence that it did not expressly guarantee or warrant the actual moisture content and that appellant was told that the yarn would be sold "As is—Where is." After requesting and receiving a one-hour extension of time to bid on the wet yarn, appellant went to Queen Carpet to see the yarn but was unable to fully inspect the yarn because it had already been recased and loaded onto trailers for shipping. Without inquiring further about the condition of the yarn, appellant submitted a bid which appellee accepted. Appellant testified at trial that when he began unloading the yarn, it appeared to be wetter than had been represented to him, so he decided not to purchase it, notified appellee of his decision, and stopped payment on the check he had given in payment. Since the yarn already had been unloaded into appellant's warehouse, appellee attempted to work out an acceptable agreement, but when no agreement could be reached, appellee began

contacting other potential buyers about the yarn. Appellee put on testimony at trial that it had to act quickly because wet yarn deteriorates very rapidly. Almost two weeks later, appellee loaded the yarn back onto its trailers and sold it the next day for a total price more than $18,000 less than appellant had agreed to pay.

Appellee sued appellant to recover the difference between the contract price and the resale price plus incidental expenses, and appellant counterclaimed, alleging fraud on the part of appellee. At trial, appellant moved unsuccesssfully for a directed verdict at the close of plaintiff's evidence. At the close of all the evidence, appellee moved for a directed verdict on appellant's counterclaim. The court granted that motion, and the jury returned a verdict in favor of appellee in the amount of $13,577.26. The appeal is from the judgment subsequently entered in that amount.

1. Appellant alleges that the trial court erred in denying his motion for directed verdict made at the close of plaintiff's case. The motion was made on the ground that appellee rescinded the contract when it resold the yarn. Appellee contends that when it became apparent that appellant was not going to purchase the yarn, the yarn was resold to keep it from deteriorating any further.

The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the "any evidence" standard. *Leader Nat. Ins. Co. v. Kemp & Son,* 189 Ga. App. 115 (5) (375 SE2d 231) (1988). There was substantial evidence from which the jury could conclude that appellee resold the yarn only because appellant had wrongfully rejected it and that appellee had made no intentional misrepresentations. The jury could therefore find that the contract was neither rescinded by mutual consent under OCGA § 13-5-7, nor by fraud under OCGA § 13-4-60. We find that the trial court did not err in denying appellant's motion for a directed verdict.

2. Appellant's second enumeration of error is that the trial court erred in granting appellee's motion for directed verdict on appellant's counterclaim. " ' "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." ' [Cits.]" *Hall v. Rome Auto. Co.,* 181 Ga. App. 621 (1) (353 SE2d 542) (1987). The trial court ruled that appellant failed to establish elements 2, 3, 4, and 5. The agent of appellee who dealt with appellant testified that he neither saw nor tested the yarn, but merely relayed to appellant the information which he had been given by the salvage firm and told appellant where the yarn could be inspected. He testified further that that was not unusual since appel-

lee does over 80 percent of its business by telephone without ever seeing the particular commodity involved. There was no evidence that appellee knew the representations made as to moisture content were false or that appellee was reckless in making the representations. There was also no evidence that appellee intended to deceive appellant with the representations. Appellee merely passed along the information which it had received. Thus, the requisite intent to deceive was not demonstrated.

" 'Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. (Cits.)' " *Koppar Corp. v. Robertson*, 186 Ga. App. 856 (4) (368 SE2d 807) (1988). There is no conflict in the evidence that appellee did not know the representations about the moisture content of the yarn were false, and that appellee did not intend to deceive appellant. The trial court correctly directed a verdict in appellee's favor on the fraud count on appellant's counterclaim.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*Edward L. Adams*, for appellant.
*Bates, Kelehear & Starr, Harlan M. Starr*, for appellee.