A91A0091, A91A0092. CSX TRANSPORTATION, INC. v.
BARNETT; and vice versa.
(405 SE2d 506)

SOGNIER, Chief Judge.

James Barnett, a locomotive engineer for CSX Transportation, Inc., filed suit against his employer under the Federal Employers Liability Act to recover damages allegedly arising from an injury incurred on the job. The jury returned a verdict for Barnett, and in the main appeal CSX appeals from the entry of judgment on that verdict. Barnett conditions his cross-appeal on our reversal of the judgment in the main appeal.

The evidence adduced at trial, construed to uphold the jury's verdict, showed that on June 22, 1987 Barnett was the locomotive engineer on a 120 car CSX train en route south from Atlanta to Manchester. Near Gay, the locomotive engine lost power, rendering the long train unable to climb the steep grade near Manchester. Three coupled engines were dispatched to couple with the disabled train and assist it up the incline. Barnett, who was seated in the

stopped locomotive, claimed his back was injured by the tremendous impact of the coupling. A company operating rule prohibits couplings to be made at a speed of more than four miles per hour. Miles Norman Gibbs, the engineer in the lead engine southbound, testified at trial that the speed of the assisting engine was between three and four miles per hour during the coupling. However, documents were introduced showing that Gibbs admitted to a "harder than usual coupling" and accepted company discipline, and that he was disciplined for failure to control the movement of his engine. Barnett testified that the coupling was "certainly made over 4 miles an hour," and several other railroad personnel present during the coupling testified to speeds ranging from six to ten miles per hour.

Barnett sought damages for pain and suffering, as well as special damages for past and future medical expenses and past and future lost wages. The total amount sought by Barnett was in excess of $326,000. The jury returned a verdict for Barnett in the amount of $150,000, awarding $13,262 for past medical expenses, $36,738 for future medical expenses, and $100,000 for "[g]eneral damages."

1. CSX contends the trial court erred by failing to give its requested charge on reducing any award of damages for future losses to present value. We find no merit in this contention.

The record shows that CSX requested the trial court to charge the jury that "if you return a verdict, you should include the *present value* of his [Barnett's] earnings during the time you decide that he would not [sic] have worked in the future had this accident not occurred — but you must deduct from that sum such amount as you decide from the evidence he would have paid as federal income tax, or state income tax, on such future earnings." Because it instructs the jury to include in its award an amount Barnett would *not* have earned had the accident not occurred, this charge is not a correct statement of the law, and consequently the trial court was not obligated to give it. See *Brown Realty Assoc. v. Thomas*, 193 Ga. App. 847, 850 (6) (389 SE2d 505) (1989).

We note that the trial court did charge the jury that "[a]fter you have determined, if any, future medical expenses and future pain and suffering, you will be authorized to reduce that by 5 percent." The charge given is not a perfect instruction in that it did not include future earnings, see OCGA § 51-12-13, and because amounts awarded for pain and suffering need not be reduced to present value. See *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552 (1) (287 SE2d 569) (1981). Nonetheless, because harm as well as error must be shown to warrant reversal, *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 806 (1) (371 SE2d 421) (1988), and given that the jury did not specifically include in its verdict an award for future earnings, even if the charge was erroneous in part the instruc-

tion given was not harmful to CSX and thus does not constitute reversible error.

2. Although it is possible to construe the award of "general damages" to include compensation for future medical expenses and past and future lost wages, the transcript does not support CSX's contention that the trial court erred by denying its motions for a directed verdict on those issues because no evidence was introduced by Barnett to support his claim of entitlement to them. "The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the 'any evidence' standard. [Cit.]" *Miller v. Economy Trading &c.*, 193 Ga. App. 344, 345 (1) (387 SE2d 620) (1989). In the case at bar there was substantial evidence from which the jury could conclude that appellant was entitled to an award for past and future lost wages and future medical expenses.

As to lost wages, Barnett testified that between the date of the injury and the date of trial he had missed a total of 45 days of work, and he testified to the amount he earned in a day. He also testified that despite earning $39,995 in 1985 and $42,425 in 1986, his earnings in the year of the injury were $40,410, and he never returned to the level of earnings he had attained prior to the injury. Barnett testified that in part this was because after his injury he was unable to accept better paying "pool" work, as he had before the injury, but was restricted to "local" jobs, as "pool" work entailed more difficult working conditions and longer periods away from home. He testified that this difference resulted in a loss of between $10,000 and $15,000 of income each year. This testimony was corroborated by Fred Willard, a CSX employee who had less seniority but earned $8,000 more than Barnett the previous year.

With regard to past and future medical expenses, these were detailed by two of Barnett's treating doctors, who testified that Barnett would probably require treatment once a week for the rest of his life, with the current cost of each treatment at $75 to $125. As the evidence presented was sufficient to have authorized the jury to return an award for past and future loss of earnings and for future medical expenses, the trial court did not err by denying CSX's motion for a directed verdict on those issues. See *Miller*, supra.

3. Our affirmance of the trial court's judgment in the main appeal renders moot the cross-appeal.

*Judgment affirmed in Case No. A91A0091. Appeal dismissed in Case No. A91A0092. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991 —
REHEARING DENIED APRIL 30, 1991 —

*Webb, Kicklighter & Casey, Robert E. Casey, Jr., James E. Gil-*

son, for appellant.

Taylor & Harp, J. Anderson Harp, Jefferson C. Callier, for appellee.