A91A0093. SMITHERMAN v. MARY HOUSE MINISTRIES, INC.
(407 SE2d 58)

BANKE, Presiding Judge.

Appellant Doris Smitherman brought suit against appellee Mary House Ministries, Inc., a non-profit charitable corporation, seeking damages for the alleged wrongful termination of her employment as supervisor of a day care center operated by the latter. She thereafter amended her complaint to add as defendants the individual members of the board of directors of the appellee corporation, based on allegations that they had failed to perform their duties as directors properly and had thereby contributed to the wrongful termination of her contract. The case is before us on appeal from the grant of the corporation's motion for summary judgment and the dismissal of the amendment seeking to add the individual directors as additional defendants.

The appellant's employment was governed by a written contract which specified that she would "oversee all operations and personnel connected with" the day care center and would "devote her entire time and efforts to the diligent and faithful discharge of her duties." The contract was for a one-year term but specified that the employment could be terminated at any time if "in the opinion of the board of directors . . . the employee has failed to fully and faithfully perform her duties and obligations under this agreement."

The record shows that by May of 1989, the board of directors was concerned about the appellant's failure to develop and maintain certain administrative records and procedures which were necessary for the day care center to obtain subsidy certification from the Georgia Department of Human Resources. There is also evidence that the board had learned that the appellant had purchased and begun operating her own day care center. At a meeting of the executive committee and board of directors held on May 31, 1989, the appellant's per-

ceived failure to fulfill her administrative duties was discussed; and Gladys King, the chief executive officer, was directed to meet with her to clear up any misunderstanding concerning her responsibilities and to attempt to ascertain what progress the board might expect in the future with regard to the preparation of the DHR certification documentation. Ms. King did so, and because the assurances which the appellant provided at that meeting were not deemed satisfactory, she was notified of her termination on June 9, 1989. *Held*:

1. There exists no genuine issue of material fact concerning the parties' rights and obligations under the contract, the terms of which were clear and unambiguous and therefore not subject to judicial construction. See *Jones v. Barnes*, 170 Ga. App. 762 (318 SE2d 164) (1984); *Foshee v. Harris*, 170 Ga. App. 394 (317 SE2d 548) (1984). The corporation had the immediate right to terminate the appellant at any time for failure "to fully and faithfully perform her duties and obligations" as supervisor of the day care center. The minutes of the board meetings held on May 24, 1989, and May 31, 1989, demonstrate that the corporation's board of directors made the requisite determination; and the appellant's contention to the contrary notwithstanding, there is no suggestion that she was terminated for any reason other than a bona fide dissatisfaction with her performance. While the appellant complains of the board's failure to conduct a formal vote on the issue or to adopt a formal resolution discharging her for cause, no such formalities were required under the terms of the contract. The record establishes without dispute that the board discussed the issue of the appellant's perceived failure to perform her duties before she was discharged, and there is no suggestion that a majority of the board did not agree with the decision to terminate her. Indeed, there appears to have been no dissent whatever on the issue.

2. The proposed amendment purporting to add the individual directors as defendants was properly dismissed, inasmuch as leave of the court to add new defendants was neither granted nor sought. See generally OCGA § 9-11-21; *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649) (1976). Furthermore, the amended complaint failed to state any claim against these defendants upon which relief could be granted. Although the appellant sought to hold the directors liable to her based on their alleged failure to adhere strictly to certain required formalities regarding the conduct of corporate business, she has not suggested how any such failure, assuming it occurred, could possibly be considered a breach of any duty owed to her. Nor has she suggested how the alleged failure to comply with these formalities resulted in harm to her, given the absence of any evidence suggesting that the decision to terminate her was based on anything other than a good-faith determination that she had failed to perform her duties as supervisor of the day care center fully and faithfully.

3. Based upon our review of the record in the case and the briefs filed in this court, we find no basis upon which a reversal of the trial court's judgment could reasonably have been anticipated. Acting pursuant to Court of Appeals Rule 26 (b), we accordingly assess against the appellant a penalty in the amount of $500 for filing a frivolous appeal. Accord *Lamb v. U. S. Sales Corp.*, 194 Ga. App. 333 (390 SE2d 440) (1990).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 24, 1991 —

*James V. Pleasants,* for appellant.
*William E. Dismer, Nightingale, Liles, Dennard & Jordan, Rita C. Spalding,* for appellee.