A92A1371. LONGABAUGH v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY.
(424 SE2d 49)

JOHNSON, Judge.

Melissa Otis, her two children and her husband filed a complaint against John Henry Longabaugh claiming personal injury, loss of consortium and intentional infliction of emotional distress arising out of an automobile collision. The claims for intentional infliction of emotional distress are based on Melissa Otis' assertion that after the collision Longabaugh was abusive, threatening, and used racial slurs toward her in the presence of her children. Otis testified at her deposition that after the accident Longabaugh, amongst other things,

said to his father, "We are going to get this nigger bitch."

After the Otises filed their complaint, State Farm Mutual Automobile Insurance Company filed a declaratory judgment action against Longabaugh and the Otises solely to determine if an insurance policy it had issued to Longabaugh covered the Otises' claims for intentional infliction of emotional distress. The liability coverage section of the policy provides that State Farm will "pay damages which an insured becomes legally liable to pay because of bodily injury to others, and damage to or destruction of property including loss of its use, caused by accident resulting from the ownership maintenance or use of [the insured's] car." Based on this language in the policy, State Farm filed a motion for summary judgment. The trial court granted State Farm's motion, finding that the policy does not cover the claims for intentional infliction of emotional distress. Longabaugh appeals.

1. Longabaugh contends that any emotional distress suffered by Otis and her two children because of his alleged abusive and threatening conduct after the accident is covered by his insurance policy. This position is wholly without merit.

The relevant inquiry is whether the Otises' alleged emotional distress was caused by the use of Longabaugh's automobile so as to trigger the liability coverage section of Longabaugh's policy with State Farm. *Rustin v. State Farm Mut. Auto. Ins. Co.*, 254 Ga. 494 (330 SE2d 356) (1985). It is clear that the car was not used for any purpose regarding the alleged injuries within the meaning of the policy. The Otises' alleged emotional distress did not result from the ownership, maintenance or use of the vehicle; rather, it resulted from the alleged abusive conduct and use of racial slurs by Longabaugh after the accident. Accordingly, the trial court did not err in granting summary judgment to State Farm.

2. "Based upon our review of the record in the case and the briefs filed in this court, we find no basis upon which a reversal of the trial court's judgment could reasonably have been anticipated. Acting pursuant to Court of Appeals Rule 26 (b), we accordingly assess against the appellant a penalty in the amount of $500 for filing a frivolous appeal. [Cit.]" *Smitherman v. Mary House Ministries*, 200 Ga. App. 116, 118 (3) (407 SE2d 58) (1991).

*Judgment affirmed with direction. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1992 —

Action on policy. Gwinnett Superior Court. Before Judge Stark. *William L. Skinner*, for appellant.

*Greer, Klosik & Daugherty, Robert J. McCune*, for appellee.