## A99A1315. CHIAKA v. RAWLES et al.

(525 SE2d 162)

SMITH, Judge.

A disgruntled former graduate student, Bennett O. Chiaka, instituted litigation against Clark Atlanta University ("Clark Atlanta") and two of its officials, Clifton B. Rawles and Larry L. Earvin. Claiming that Clark Atlanta had misled him into believing that it offered a doctoral degree in African and African-American studies within its College of Arts and Sciences, Chiaka sought to recover damages for breach of contract, promissory estoppel, fraud, negligence, as well as punitive damages. The trial court granted a defense motion for summary judgment against all of Chiaka's claims, and Chiaka filed this appeal. Because Clark Atlanta successfully pierced the pleadings, we affirm. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

On summary judgment, we must construe the evidence and all reasonable inferences and conclusions in favor of the non-movant, Chiaka. *Medley v. Boomershine Pontiac &c.*, 214 Ga. App. 795, 798 (4) (449 SE2d 128) (1994). Viewed in that light, the evidence shows that in early 1994, Chiaka applied for admission at Clark Atlanta seeking to obtain a degree in "Afro-American Studies." In a May 3, 1994 letter, Clifton B. Rawles, the Director of Admissions at Clark Atlanta, advised him: "[i]t is my pleasure to inform you that the Committee on Graduate Admissions has approved your application to our graduate program. You have been admitted to the Doctor of Arts degree program in African and African American Studies, commencing in the Fall semester, 1994."

For personal reasons, Chiaka sought to defer his acceptance for more than two years. Due to this delay, Clark Atlanta required that he reapply for admission. During the interim, almost a year before Chiaka finally enrolled, Rawles notified him that:

Dr. Charles Duncan, Chair of the Humanities Department, has requested that you be advised that you will be required to successfully complete twelve semester hours of prerequisite graduate courses in African and African American Studies. You may contact Dr. Duncan at [phone number] if you have any questions.

When Clark Atlanta reaccepted Chiaka, it did so provisionally. In the acceptance letter of November 25, 1996, Dean Larry L. Earvin notified Chiaka that "our Committee on Graduate Admissions has provided a conditional approval for you to pursue the Doctor of Arts program in African and African American Studies commencing the

Spring Semester, 1997."[1]

Although Chiaka finally enrolled at Clark Atlanta in January 1997, he dropped out several weeks later. According to Chiaka, only after enrolling and attending classes did he discover that Clark Atlanta did not offer a doctoral degree in African and African-American studies within its College of Arts and Sciences. Instead, he learned that Clark Atlanta offered only a Doctor of Arts in Humanities with a specialty in African-American studies. In suing Clark Atlanta, Chiaka asserted, among other things, that Clark Atlanta induced him to matriculate at Clark Atlanta by failing to disclose that it lacked the program of study that he desired to pursue. Chiaka claimed that he left his employment in Philadelphia, declined admission to two other doctoral programs in other cities, incurred student loan indebtedness, and relocated to Atlanta, only to discover that Clark Atlanta did not offer the program to which he had been admitted.

In support of Clark Atlanta's motion for summary judgment, Dr. Charles Duncan, Director of the Doctor of Arts in Humanities Program since 1991, attested that the Doctor of Arts in Humanities Program at Clark Atlanta is an interdisciplinary degree specializing in one of four areas: African-American studies, English, history, and romance languages. Dr. Duncan testified that "[u]pon completion of the degree requirements, a student receives a Doctor of Arts in Humanities degree with his/her particular specialty area noted. The doctoral level African American Studies program is and always has been a component of the Doctor of Arts in Humanities Program." Clark Atlanta also tendered copies of its application package and other school documents.

In granting summary judgment to the defendants on Chiaka's breach of contract claim, the trial court found that no contract was formed between the parties because there was no meeting of the minds. The court concluded that Clark Atlanta's offer of admission was simply a notification of acceptance and not a legal and enforceable contract. The court also noted, "the evidence of record demonstrates that Plaintiff knew or should have known that he applied to the Doctor of Arts in Humanities Program to pursue the Doctor of Arts in Humanities degree with a specialty in African American Studies."

In granting summary judgment on the fraud count, the court found:

---

[1] This letter further stated, "[y]our admission to Clark Atlanta University is based on the condition that you complete 12 hours graduate course[s] in African and African American Studies (may be taken concurrently with required humanities courses). Once this condition has been met, you will be accorded regular admission status."

> Plaintiff has failed to provide any evidence to show that any representations made by defendants were made with the intention and purpose of deceiving him. Further, plaintiff has failed to demonstrate that he reasonably relied on the alleged misrepresentations. The Court concludes that plaintiff's failure to review the University's Graduate Catalog, the Program Brochure or to otherwise obtain specific program information (as the application booklet instructs applicants to do) is fatal.

Employing the same logic, the court also granted summary judgment on Chiaka's claim for negligent misrepresentation.

1. Chiaka contends the trial court erred in finding there was no meeting of minds between him and Clark Atlanta with regard to his breach of contract claim. He asserts that Clark Atlanta breached an enforceable contract requiring that Clark Atlanta afford him the opportunity to obtain a Doctor of Arts degree in African and African-American studies. Clark Atlanta, however, counters that there was "no meeting of minds" as to this degree program and that, instead, "[p]laintiff entered into a valid contract with Clark Atlanta to pursue the Doctor of Arts degree in Humanities with a specialization in African American Studies."

Without reaching the issue of what doctoral degree would have been denoted on some future diploma, the record demonstrates indisputably that Chiaka did not satisfy a mandatory pre-enrollment condition. Chiaka's acceptance in the doctoral program was conditioned upon his successful completion of 12 semester hours in certain specified courses at Clark Atlanta. But Chiaka withdrew from the university before complying with this mandatory condition. Since Chiaka failed to satisfy this prerequisite, he never obtained regular admission status and cannot enforce a purported agreement to provide a particular degree to him. See *Blaine v. Savannah Country Day School*, 228 Ga. App. 224, 226-227 (491 SE2d 446) (1997) (by violating school honor code, student, not school, breached contract); *Life Chiropractic College v. Fuchs*, 176 Ga. App. 606, 607-608 (1) (337 SE2d 45) (1985) (college entitled to summary judgment on breach of contract claim due to student's misconduct in violating standards). See also *Burke v. Emory Univ.*, 177 Ga. App. 30, 32 (338 SE2d 500) (1985) (judicial intervention in the academic process is to be generally avoided).

2. Chiaka asserts that the trial court erred in finding the requisite elements of fraud were lacking. He contends that Clark Atlanta admitted him into a program that it knew was not available and it did so intending to defraud him.

The elements essential to an action in tort for fraud are: (1) false

representations made by the defendant, (2) which the defendant knew were false, (3) made with an intent to deceive the plaintiff, (4) justifiable and detrimental reliance by the plaintiff on such representations, and (5) damages suffered by the plaintiff as a result. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989); *Lister v. Scriver*, 216 Ga. App. 741, 745 (1) (a) (456 SE2d 83) (1995).

To survive a defense motion for summary judgment on a fraud claim, a plaintiff must offer some evidence from which a jury could find each of these elements. *Reeves v. Edge*, 225 Ga. App. 615, 618 (2) (484 SE2d 498) (1997). Here, no evidence was presented that Clark Atlanta intended to deceive Chiaka by the wording of its letter of acceptance or by any representations made by Clark Atlanta in its application booklet or otherwise. See *Miller v. Economy Trading &c.*, 193 Ga. App. 344, 346 (2) (387 SE2d 620) (1989).

While ordinarily the question of fraud requires jury determination, when a party completely fails to exercise reasonable diligence to ascertain the truth, his or her claim cannot survive summary judgment. See *Reeves*, supra at 618-619 (2). "[O]ne can not close his eyes but must show some fraud perpetrated by the other party which actually prevented him from knowing the provisions of the contract. [Cits.]" *Maxey-Bosshardt Lumber Co. v. Maxwell*, 127 Ga. App. 429, 431 (1) (193 SE2d 885) (1972).

Here, notwithstanding the potential for confusion possibly engendered by the letter of acceptance, it is undisputed that Chiaka received an application booklet from Clark Atlanta. Part of the application booklet unquestionably indicates that the highest degree offered by Clark Atlanta in African-American studies or in African studies is a Master of Arts degree. The application booklet plainly discloses that the College of Arts and Sciences offers a Doctor of Arts degree with a concentration in African-American studies only through its Humanities Department.

In Chiaka's letter of intent directed to the admission committee, Chiaka explained that one reason "why I chose Clark Atlanta University is because of the richness of the program as outlined in the school brochure." Yet, the university's brochure entitled "Doctor of Arts in Humanities," explains plainly that the degree sought by Chiaka is part of the humanities program. According to the brochure:

> [T]he program entails 48 hours beyond the master's degree and fulfillment of general University requirements for all doctoral degrees including a comprehensive examination, an oral presentation of research results to the department seminar, a dissertation or its equivalent appropriate to the degree and a final examination. The 48 course credit hours are: 12 hours of interdisciplinary core courses; 12 hours of

the pedagogy core, including a 6-hour internship; 24 hours in a field of specialization: African American Studies, English, History, French or Spanish.

The same brochure describes in some detail the interdisciplinary courses, pedagogy courses, and areas of concentration.

Chiaka, who had already earned two master's degrees from another university, admitted that he did not contact any official at Clark Atlanta to ascertain the precise contents or requirements of the doctoral program for which he enrolled. In light of Chiaka's apparent failure to make reasonable inquiries into the contents and requirements of the doctoral program, he cannot demonstrate that he exercised reasonable diligence to discover the true facts or that he justifiably relied upon the representations in Clark Atlanta's acceptance letter. *Reeves*, supra at 619 (when plaintiff blindly relies upon representations that could have been readily verified, plaintiff cannot demonstrate due diligence); *Maxwell*, supra.

3. Chiaka contends that the trial court erred in finding that the requisite elements of his claim for negligent misrepresentation were lacking. We disagree.

Because Chiaka failed to offer any evidence to show that he reasonably relied on information that was false and that such false information was given for the purpose of inducing his reliance thereon, Clark Atlanta was entitled to judgment as a matter of law. *Williams v. Fallaize Ins. Agency*, 220 Ga. App. 411, 413-414 (1) (469 SE2d 752) (1996); see generally *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983).

4. The record belies Chiaka's assertion that the trial court failed to "deal with" his claim for negligence.

The court's order specifically found: "[d]efendants are entitled to summary judgment on plaintiff's negligence claim." The record indicates that Chiaka's allegation of negligence, as set forth in his complaint, and as argued on summary judgment, was founded on misrepresentations allegedly made by Clark Atlanta. Chiaka did not object to this claim being treated as one for negligent misrepresentation. Although Chiaka now attempts to recast the count for negligence as being a claim for a breach of duty arising from the violation of a special duty flowing from the parties' relationship as created by contract, Chiaka neither amended his complaint nor sought clarification and a ruling from the trial court on that issue. This court will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal. *Peavy v. Goodroe*, 237 Ga. App. 36, 37 (1) (514 SE2d 699) (1999); *Saffar v. Chrysler First &c.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994).

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

Decided November 15, 1999.

*Cyprian T. Okonkwo*, for appellant.
*Lance P. Dunnings, Michael A. Baskin*, for appellees.