A08A1148. KINZY v. FARMERS INSURANCE EXCHANGE.
(667 SE2d 673)

SMITH, Presiding Judge.

Lester Kinzy sought coverage from his uninsured/underinsured motorist ("UM") carrier, Farmers Insurance Exchange ("Farmers"), for injuries suffered in a "road rage" altercation with another motorist. The trial court granted summary judgment to Farmers, and Kinzy appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The underlying facts in this case are undisputed. On March 19, 2004, Kinzy left home in his car to go shopping. A short distance from his house, a pickup truck pulled behind him, and the driver, Michael Drake, began continuously blowing the vehicle's horn. Intent on staying within the speed limit, Kinzy motioned for the truck to go around him. After the truck passed, however, it braked suddenly in front of Kinzy's vehicle, forcing Kinzy to maneuver over the street curb and into a neighbor's yard to avoid a collision.

Kinzy reentered the roadway and caught up with the truck, which had stopped at a stop sign. He then left his car and approached the other driver to find out "what in the hell was wrong with him."

---

Drake also exited his truck, and they met between the vehicles. When Kinzy asked Drake about the incident, Drake punched him, rendering him unconscious. Kinzy, who was 74 years old at the time, was taken by ambulance to the hospital.

Claiming that he suffered significant, continuing injuries during the physical altercation, Kinzy sued Drake. He learned, however, that Drake's insurance policy had a $25,000 coverage limit. Believing that his damages exceeded this amount, Kinzy served the complaint on Farmers, his UM carrier. He also settled his claim with Drake's insurer for the $25,000 policy limit.

Farmers subsequently moved for summary judgment on several grounds, including that Kinzy's damages were not covered by the UM provision. The trial court agreed and granted summary judgment to Farmers. We find no error.

1. *Personal injury claim.* Pursuant to its UM coverage, Farmers was obligated to compensate Kinzy for damages he was legally entitled to recover from the owner or operator of an uninsured motor vehicle. To fall within the coverage, however, those damages had to, among other things, "arise out of the ownership, maintenance or use of the 'uninsured motor vehicle.' "

In the automobile insurance context, the phrase "arising out of" has been interpreted broadly to encompass situations where "the injury originated from, had its origin in, grew out of, or flowed from the use of the vehicle." (Citation and punctuation omitted.) *Southeastern Fidelity Ins. Co. v. Stevens*, 142 Ga. App. 562, 564 (1) (236 SE2d 550) (1977). But this broad interpretation does not extend the contract language "to something distinctly remote." (Citation and punctuation omitted.) Id. Ultimately, "Georgia law requires a causal connection between the use of the vehicle and the injury sustained [cits.]," *USAA Property & Cas. Ins. Co. v. Wilbur*, 207 Ga. App. 57, 59 (427 SE2d 49) (1993), and we must look for the parties' intent in construing the language of an insurance contract. See *Atlanta Postal Credit Union v. Intl. Indem. Co.*, 228 Ga. App. 887, 889 (1) (a) (494 SE2d 348) (1997).

Drake's manner of driving and vehicle use undoubtedly sparked his dispute with Kinzy. He did not, however, employ his vehicle during the physical assault. See *Rustin v. State Farm &c. Ins. Co.*, 254 Ga. 494, 495 (1) (330 SE2d 356) (1985) (" 'Use[,]' while an admittedly elusive term, may be defined as 'to employ for some purpose.' "). That assault — and Kinzy's injuries — resulted after both men voluntarily exited their vehicles and confronted each other.

Although Drake's driving may have provoked an argument — and Drake arrived at the site of the assault in his vehicle — his decision to leave his truck and attack Kinzy was independent of his use or ownership of the vehicle. Simply put, Kinzy's physical injuries

were too remote from Drake's vehicle use, ownership, or maintenance to fall within the UM provision. See *Rustin*, supra, 254 Ga. at 495 (1) (shooting of man during "road rage" incident after both drivers exited their vehicles did not "result from" vehicle ownership, use, or maintenance); *Longabaugh v. State Farm &c. Ins. Co.*, 205 Ga. App. 854, 855 (1) (424 SE2d 49) (1992) (emotional distress from derogatory remarks made by other driver following automobile collision did not "result from" vehicle ownership, use, or maintenance); see also *State Farm &c. Ins. Co. v. Buckingham*, 919 A2d 1111, 1114-1116 (Del. 2007) (noting that courts in other states have repeatedly concluded that "road rage" related assaults committed after offender exits his or her vehicle do not arise out of vehicle's operation, use, or maintenance).

Nothing in the insurance contract indicates that the parties intended to extend UM coverage to a brutal, physical attack occurring outside — and without the use — of a vehicle. See *Wilbur*, supra, 207 Ga. App. at 60 ("To hold that coverage for injuries *arising out of* the operation, maintenance, or use of an insured vehicle extends to injuries suffered whenever the vehicle is involved in any way would be contrary to the original intent of the contracting parties.") (citation omitted; emphasis in original). Compare *Atlanta Postal Credit Union*, supra, 228 Ga. App. at 890-891 (1) (a) (parties to auto repossession company's insurance contract "must have contemplated that in pursuit of its business, [the repossession company] would encounter problems recovering vehicles and that, in some instances, the mere attempt to repossess vehicles would enrage the car owners and their families"). The trial court, therefore, properly granted Farmers summary judgment on Kinzy's personal injury claim.

2. *Property damage claim*. On appeal, Kinzy vaguely asserts that his vehicle sustained property damage prior to the physical assault, when Drake's vehicle forced his car off the road. It is unclear whether Kinzy seeks UM benefits for this amount; he does not specifically argue that the UM provision covers the property damage, and his complaint focuses on his personal injury allegations. But assuming that he claims such compensation, the trial court properly granted summary judgment to Farmers.

Kinzy's car incurred an estimated $700 in damage when Drake's vehicle ran it off the road. As noted above, however, Kinzy settled with Drake's insurance carrier for $25,000 — the policy limit for Drake's coverage. With respect to the $700 in property damage, Kinzy has offered no evidence or argument that Drake was "uninsured" or "underinsured," and Kinzy's policy does not obligate Farmers to cover losses for which Kinzy has already received payment. Accordingly, Kinzy has not shown that the trial court erred

512

in granting summary judgment to Farmers on the property damage claim. See *Schmitt v. Jackson County*, 267 Ga. App. 764, 766-767 (2) (601 SE2d 169) (2004) (appellant cited no evidence supporting claim and thus failed to demonstrate that trial court erred in granting summary judgment to appellee).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 10, 2008.

*Vincent R. Lauria*, for appellant.

*Downey & Cleveland, Russell B. Davis, Hedrick & Edenfield, Evan R. Mermelstein*, for appellee.