### A08A1271. LANCER INSURANCE COMPANY v. UNITED NATIONAL INSURANCE COMPANY.
(668 SE2d 865)

JOHNSON, Presiding Judge.

Lancer Insurance Company filed a declaratory judgment action against United National Insurance Company to settle a dispute over insurance coverage. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to United National after finding coverage under the Lancer policy. For reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] The facts in this case are not in dispute. The underlying litigation involved a "road rage" incident between two tractor-trailer truck drivers, Donald Goode and William Porter. On December 8, 2002, Goode was driving a truck for his employer, Dahlonega Transport, on Interstate 75. At some point, he passed the truck driven by Porter, who responded by accelerating and pulling in front of Goode. The trucks continued to pass each other, and Goode testified that Porter cut him off as he tried to change lanes.

Goode contacted Porter over the CB radio, complaining about Porter's manner of driving. Porter instructed Goode to "pull over," then stopped his truck on the side of the highway. Goode also moved off the highway, stopping in front of Porter.

Goode exited his truck and approached Porter's vehicle. Rather than getting out of his truck, however, Porter abruptly pulled back onto the highway, attempting to reenter the flow of traffic. At that point, Goode — who was still outside of his truck — saw a vehicle that had been unable to avoid Porter's merging truck lose control and crash into an embankment. John Werner, one of the vehicle

---

[1] OCGA § 9-11-56 (c).

occupants, was seriously injured, and his wife Patricia was killed in the crash.

Seeking recovery for personal injuries and wrongful death, Werner sued numerous individuals and entities, including Goode, Dahlonega Transport, and Lancer — Dahlonega Transport's commercial automobile insurance carrier.[2] Werner subsequently filed a third party complaint against United National, Dahlonega Transport's general liability carrier, asserting that if the Lancer policy did not cover the incident, it fell within United National's general liability coverage.

Lancer eventually settled Werner's claims against Goode and Dahlonega Transport, but reserved the right to litigate the coverage dispute and pursue payment from United National. It then filed this declaratory judgment action, claiming that United National was responsible for coverage.

Central to this appeal is the language of the Lancer and United National policies. With respect to coverage, the Lancer automobile policy provides: "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.' " In contrast, the United National liability policy specifically excludes " '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by . . . any insured."

In resolving the summary judgment motions, the trial court focused on the term "use" in the Lancer policy. It determined that although Goode was not in his vehicle when Porter pulled back into traffic, the Dahlonega Transport truck "was still being 'used' " at that point. Concluding that the Werners' injuries and death "flowed from and grew out of the incident between the two tractor-trailer drivers during the use of the vehicles," the trial court found that the Lancer policy covered the claims.

We disagree. The term "use" has been defined as "to employ for some purpose."[3] Undoubtedly, Goode "used" his vehicle during an extended confrontation with Porter on the roadway. At the time of the crash, however, that use had ended, and the evidence demonstrates no other use. Goode had pulled his Dahlonega Transport truck off the highway and had exited the vehicle. He was not

---

[2] Werner also sued Porter, but that claim is not at issue in this appeal.

[3] (Citation and punctuation omitted.) *Rustin v. State Farm &c. Ins. Co.*, 254 Ga. 494, 495 (1) (330 SE2d 356) (1985).

employing it for any purpose. The Werners' injuries and death may have resulted from *Porter*'s vehicle use, but not any use by Goode.[4]

As we recently noted, "Georgia law requires a causal connection between the use of the vehicle and the injury sustained, and we must look for the parties' intent in construing the language of an insurance contract."[5] The Lancer insurance contract reveals no intent to cover this wreck, which occurred while Goode was standing outside his Dahlonega Transport truck.[6] Simply put, the wreck was too remote from Goode's vehicle use to fall within Lancer's automobile insurance policy.[7] The trial court, therefore, erred in finding coverage under the Lancer policy.

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 27, 2008 — 

*Dennis, Corry, Porter & Smith, Scott W. McMickle*, for appellant.
*Decker, Hallman, Barber & Briggs, W. Winston Briggs, Janis M. Seanor*, for appellee.

---

[4] See id. (shooting of man during "road rage" incident after both drivers exited their vehicles did not "result from" vehicle ownership, use, or maintenance); *Longabaugh v. State Farm &c. Ins. Co.*, 205 Ga. App. 854, 855 (1) (424 SE2d 49) (1992) (emotional distress caused by other driver's derogatory remarks following automobile collision did not "result from" vehicle ownership, use, or maintenance).

[5] (Citations and punctuation omitted.) *Kinzy v. Farmers Ins. Exchange*, 293 Ga. App. 509, 510 (1) (667 SE2d 673) (2008).

[6] See id.

[7] See id. (physical confrontation between two "road rage" drivers who had exited their vehicles did not arise out of vehicle use, maintenance, or ownership). Compare *Abercrombie v. Ga. Farm &c. Ins. Co.*, 216 Ga. App. 602, 603-604 (454 SE2d 813) (1995) (fatal gunshot wound suffered by driver of vehicle chased by another vehicle resulted from use of the other vehicle; evidence showed that the gunshot was fired during the course of the car chase); *Ins. Co. of North America v. Dorris*, 161 Ga. App. 46, 48 (1) (288 SE2d 856) (1982) (injuries suffered by passengers in car that crashed while being chased by uninsured vehicle "arose from" use of the uninsured vehicle; the evidence showed that the driver lost control "because he was being pursued by an unidentified vehicle and being shot at by its unidentified operator").