A98A0173. JONES et al. v. DYKES et al.

(497 SE2d 828)

Judge Harold R. Banke.

Jeff and Margaret Dykes filed this action against Susan L. Jones, Selena May, Alan May, and Terry May (collectively "Jones") seeking cancellation of a deed and a writ of possession. After the jury rendered a plaintiffs' verdict, Jones initiated this appeal, enumerating four errors.

At the outset, we note that the appellate record does not include a trial transcript. Although Jones attempted to reconstruct the transcript, the parties could not agree on her version of events. See OCGA § 5-6-41 (g). Jones filed a petition to approve defendant's recollection of evidence at trial, but the trial court denied it on a finding that Jones' recollection was "not a full, complete, and accurate presentation of the evidence." Jones has not appealed that finding. *Doster v. State*, 218 Ga. App. 174, 175 (460 SE2d 818) (1995).

This case purportedly arose after a fire destroyed the home of Ezra Logue, Susan Jones' father. Logue's good friend, Mrs. J. H. Smith, Sr., purportedly permitted him to move into a house on the property at issue in 1970.[1] Two years later, Susan Jones joined him. On June 18, 1973, after Logue had died, Mrs. Smith's son, J. H. Smith, Jr., purportedly executed and recorded a deed conveying the property at issue to Susan Jones (nee Cravey). However, when Mrs.

---

[1] Mrs. J. H. Smith, Sr. was Margaret Dykes' grandmother.

Smith died in 1975, she left the property at issue to another son, Eugene, who properly conveyed it to the Dykes. *Held*:

1. We reject Jones' contention that a seven-year statute of repose bars Dykes' action. "[T]here is now no statute of limitation per se on the bringing of actions for recovery of land." Pindar & Pindar, Ga. Real Estate Law & Procedure (4th ed.), § 12-3 (1993); *Hughes v. Purcell*, 135 Ga. 174, 175 (7) (68 SE 1111) (1910). Although Georgia law recognizes an equitable seven-year limit on suits for cancellation of deeds, the absence of a transcript prevents us from reviewing whether that issue was properly rejected by the trial court, particularly when the Dykes alleged both fraud and incompetence. *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996) (In the absence of a trial transcript, we must assume the correctness of the trial court's rulings); *Payton v. Daughtry*, 223 Ga. 438, 439 (1) (156 SE2d 29) (1967).

2. The lack of a transcript likewise precludes our review of Jones' contention that the trial court violated OCGA § 44-2-20 by admitting Mrs. Smith's son's "ex parte unrecorded affidavit." A finding of the requisite harm is not possible in its absence. *CSX Transp. v. Barnett*, 199 Ga. App. 611, 612 (1) (405 SE2d 506) (1991).

3. Nor can we review Jones' third enumeration which challenges a jury charge. Absent a showing that Jones properly raised and preserved this argument, we cannot reach it. See *Smith v. State*, 268 Ga. 42, 43 (2) (485 SE2d 189) (1997). This Court reviews enumerations to correct errors committed by trial courts. It lacks jurisdiction to consider arguments presented for the first time on appeal. *Jackson v. Ga. Lottery Corp.*, 228 Ga. App. 239, 245 (2) (491 SE2d 408) (1997); *McDaniel v. State*, 221 Ga. App. 43, 46 (1) (470 SE2d 719) (1996).

4. Jones' final enumeration asserts that the trial court's decision to cancel the deed from J. H. Smith, Jr. to Susan Jones (nee Cravey) was error because J. H. Smith, Jr. was not a party to this action. "Where it is claimed that the plaintiff has failed to join an indispensable party, the issue must be raised by motion to dismiss filed pursuant to OCGA § 9-11-19. . . . Otherwise, such defenses are deemed waived. [Cit.]" *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446, 447 (1) (304 SE2d 442) (1983). The record fails to reveal that this issue was properly presented to the trial court, a fact which distinguishes *North American Acceptance Corp. v. Ramey*, 217 Ga. 476 (123 SE2d 253) (1961), the sole case on which Jones relies. In any event, we fail to see how Smith's absence harmed Jones. *Barnett*, 199 Ga. App. at 612 (1); compare *S. D. H. Co. v. Stewart*, 135 Ga. App. 505, 508 (2) (218 SE2d 268) (1975). Jones' claim of harm arising from her inability to cross-examine Smith is undermined by her failure to subpoena him. *Bass v. State*, 208 Ga. App. 859, 861 (2) (432 SE2d 602) (1993); OCGA § 24-9-63.

5. We reject the Dykes' request for sanctions pursuant to Court of Appeals Rule 15 (b). Although we discern no reasonable ground upon which Jones could have anticipated a reversal, the appeal was not entirely frivolous. *Blomberg v. Cox Enterprises,* 228 Ga. App. 178, 181 (2) (491 SE2d 430) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 1998.

*Dewey N. Hayes, Jr.,* for appellants.
*Tom K. Smith,* for appellees.