## A98A0260. FISHER v. MARVIN REESE COMPANIES, INC.
(499 SE2d 411)

Judge Harold R. Banke.

Marvin Reese Companies, Inc. ("Reese") obtained a restraining order restricting its former employee, Myron Fisher, from selling certain specified products in a delineated area and requiring that Fisher disclose certain information whenever he solicits sales. Enumerating three errors, Fisher appeals that restraining order.[1]

Reese is a wholesale distributor and manufacturer of souvenirs, gift items, and postcards. When Fisher began his employment with Reese as a commissioned salesman, he signed an "Independent Contractor and Trade Secret Agreement," which contained certain non-compete provisions. Specifically, Fisher agreed not to reveal certain proprietary information and not to sell or to solicit sales for any products in competition with Reese within his assigned territory for a two-year period. About ten months later, Fisher terminated his employment and began working for a competitor, Scott Sales Company, Inc. ("Scott") which also sold novelty articles. When a principal of Reese, Marvin Reese, discovered that Fisher was soliciting some of Reese's customers within Fisher's former territory, Reese sought a temporary restraining order, damages, and injunctive relief to enforce the non-compete provisions of the contract.

Prior to the hearing, the parties agreed that the sole issue for the trial court's determination was whether Fisher had, in fact, violated the agreement by soliciting Reese's customers. After a Reese customer testified that Fisher had solicited business from him for Scott, and after Fisher admitted that he had contacted two other customers of Reese, the court found that Fisher had solicited business in violation of the contract and enjoined him from engaging in future similar conduct. *Held*:

1. Fisher contends that the non-compete agreement is an unreasonable restraint of trade, overly broad, invalid, and unenforceable. However, Fisher failed to show by the record that he raised these issues to the trial court. It is well-settled that errors not raised at trial will not be considered and ruled upon on appeal. *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987); *Dupree v. State*, 206 Ga. App. 4 (1) (a) (424 SE2d 316) (1992). Accordingly, we decline to address them. Id.

2. Fisher claims that the restraining order constitutes an unreasonable restraint of trade because it is overbroad and restricts him from soliciting the sale of items not in competition with Reese. We disagree. The restraining order at issue precludes Fisher from solicit-

---

[1] Citing *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993), the Supreme Court transferred this case to this Court.

ing any customers of Reese within Fisher's former geographic territory for two years. The carefully crafted order specifically designates and describes the 21 restricted items each of which must refer to or be identified with the State of Georgia or City of Atlanta. Inasmuch as this order is limited in terms of its duration, the proscribed geographical area, and the scope of prohibited activity, and it appears reasonably necessary to protect the interests of Reese, it is neither void nor against public policy. *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). See *American Gen. Life &c. Ins. Co. v. Fisher*, 208 Ga. App. 282, 283 (1) (430 SE2d 166) (1993).

3. We reject Fisher's claim that the court erred in determining that he violated the agreement. A finding by a trial court acting as the factfinder will not be disturbed where it is supported by any evidence. OCGA § 9-11-52 (a); *Hughes v. Cobb County*, 264 Ga. 128, 130 (1) (441 SE2d 406) (1994). In light of Fisher's own admission that he offered Scott's sales catalogues to two of Reese's customers and the testimony of one of Reese's customers that Fisher attempted to sell Scott's products to him, it cannot be said that the trial court clearly erred in finding that Fisher solicited sales in violation of the noncompete provisions of the contract. *Dougherty County Bd. of Equalization v. Casto Dev. Co.*, 228 Ga. App. 293, 295 (491 SE2d 483) (1997).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 23, 1998.

*Matt Shade*, for appellant.
*Zachary & Segraves, Kenneth L. Levy*, for appellee.