A00A0008. YATES et al. v. DEAN et al.
(535 SE2d 335)

SMITH, Presiding Judge.

Clayton Yates, Jr., his wife Debra Yates, and his children Clayton Yates III, Carmen Yates, and Cecelia Yates appeal from the judgment entered on the jury verdict in their favor in the suit they filed against Robert Lawrence Dean III to recover damages incurred in an automobile collision. The jury returned a verdict in favor of Clayton and Debra Yates for medical bills in the amount of $5,360.90; in favor of Carmen Yates in the amount of $3,000; and in favor of Cecelia Yates and Clayton Yates III, in the amount of $1,000 each. The trial court reduced the jury's award to Clayton and Debra Yates by $5,138.65, based upon evidence that the Yateses' uninsured motorist insurance carrier had previously paid medical bills in that amount. The Yateses raise five enumerations of error, all involving the write-

off. We conclude that the write-off was proper, and we affirm the judgment.

State Farm Mutual Automobile Insurance Company was served as the Yateses' uninsured motorist carrier. It answered in the name of Dean and cross-claimed against him. At trial, out of the presence of the jury, State Farm presented its records showing payment of the Yateses' medical bills. The Yateses' attorney objected to the introduction of this exhibit on the ground that she had never seen it and it had not been listed in the pretrial order.

1. The Yateses first contend that under OCGA § 33-24-56.1, State Farm may seek reimbursement for its medical bill payments only after the insured has been fully compensated for the loss, OCGA § 33-24-56.1 (c), and in this case they have not been fully compensated. But by its terms, OCGA § 33-24-56.1 (c) clearly applies only "[i]n the settlement of any claim for personal injury." This claim was not settled; it was litigated and resulted in a jury verdict. Nor did it involve "reimbursement." State Farm did not seek to recover payments made to the Yateses; it merely sought to set off the amount it had already paid them from the amount of the judgment. The Yateses do not deny they received these payments from State Farm. Disallowing the set-off would result in a double recovery for the Yateses. See *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541, 544 (455 SE2d 91) (1995).

2. The Yateses maintain that the write-off was improper because State Farm failed to comply with the notice requirements contained in OCGA § 33-24-56.1. The provisions of OCGA § 33-24-56.1 apply when the benefit provider is seeking reimbursement, which is not the case here. As in *Johnson*, supra, the policy itself provides for nonduplication of payments. As a contractual matter, therefore, this falls outside the purview of OCGA § 33-24-56.1.

Moreover, the scheme of notices in the statute begins with the provision that when a benefit provider has paid medical benefits, the person asserting a claim for recovery against a third party must provide notice to the benefit provider by certified mail of their claim against the third party. OCGA § 33-24-56.1 (g). No evidence in the record indicates that this notice was provided to State Farm by the Yateses.

3. The Yateses assert that the write-off was improper because State Farm did not raise this defense or claim for set-off in their answer and counterclaim, as required by OCGA § 9-11-12 (b), or in the pretrial order. This assertion is also without merit.

Nonduplication of payments is not an affirmative defense listed in OCGA § 9-11-12 (b), nor is it a compulsory counterclaim; it is not an independent claim for recovery against the plaintiffs. State Farm was therefore not required to raise this issue in its answer or coun-

terclaim. Instead, it is simply a reason for reducing the amount of a verdict so that the plaintiff does not recover more than the amount of actual damages.

4. The Yateses next argue that State Farm did not lay a proper foundation for the introduction of evidence that the medical bills had been paid. It is true that "[a]lthough OCGA § 24-7-9 streamlines the process for offering medical bills without the necessity of a medical provider appearing personally, the rule does not obviate the need for laying a proper foundation. [Cit.]" *Hossain v. Nelson*, 234 Ga. App. 792, 794 (4) (507 SE2d 243) (1998). But in addition to arguing that State Farm had given no notice of a set-off, the Yateses objected to the introduction of the evidence of payment only on the ground that they had not seen the records before. It is axiomatic that we cannot consider alleged error not raised at trial. *Fisher v. Marvin Reese Cos.*, 231 Ga. App. 487 (1) (499 SE2d 411) (1998). "This Court reviews enumerations to correct errors committed by trial courts. It lacks jurisdiction to consider arguments presented for the first time on appeal. [Cits.]" *Jones v. Dykes*, 231 Ga. App. 110, 111 (3) (497 SE2d 828) (1998).

5. The same is true of the Yateses' final enumeration of error, in which they contend that State Farm's attorney had no personal knowledge of the validity of the contents of the documents presented to the court to show that State Farm had paid the Yateses' medical bills. This argument was not made to the trial court, and this court cannot consider it. *Jones*, supra.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 7, 2000.

*John H. Armwood, Rita T. Williams*, for appellants.
*Harper, Waldon & Craig, Russell D. Waldon, James A. Neuberger, Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks*, for appellees.