A05A0716. SOUTHSIDE PLANNING & DEVELOPMENT, INC.
et al. v. COMMERCIAL CASUALTY INSURANCE COMPANY.
(615 SE2d 828)

BERNES, Judge.

Appellants Southside Planning & Development, Inc., Augustine A. Ngoddy, and Ada S. Ngoddy filed the instant appeal, alleging that the trial court erred in its decision to set aside their deeds to the Zudas Irrevocable Trust Dated July 16, 1999 when the Trust, an indispensable party, had not been made a party to the lawsuit. Because appellants failed to raise the defense of failure to join an indispensable party in the trial court below, the defense was waived. Accordingly, we affirm the trial court's decision.

The record shows that on June 5, 1999, appellee Commercial Casualty Insurance Company filed a lawsuit against appellants for breach of an indemnification agreement that had been executed between the parties. On July 16, 1999, approximately one month after this suit was filed, appellants transferred numerous properties into an irrevocable trust, known as the "Zudas Irrevocable Trust Dated July 16, 1999." The Ngoddy appellants named themselves as the settlors and the trustees of the Trust, and they retained possession and control of the property that was transferred into the Trust. The Ngoddy children were named as beneficiaries to the Trust. Thereafter, a judgment in the amount of $331,702.79 was awarded in appellee's favor.

Appellee learned of the transfer of assets into the Trust during subsequent efforts to collect on its judgment. Appellee then filed the instant lawsuit seeking to void the transfer as fraudulent. Appellants filed their respective answers to the complaint, but they failed to assert any affirmative defenses therein. Appellants also failed to file any defensive motions.

Appellee filed a motion for summary judgment asserting that all of the facts and evidence proved its entitlement to the equitable relief requested, i.e., to have the transfers of property declared fraudulent and void. Appellants did not file a response to appellee's motion. The court entered its order and final judgment granting appellee's motion for summary judgment, and appellants' transfers of property to the Trust were declared void.

Appellants now assert that the trial court's order was improper since the Trust was an indispensable party that had not been joined in the lawsuit. However, the record is clear that appellants did not raise this claim before the trial court below. Appellants' failure to raise this claim by motion or by defensive pleading, as required by OCGA § 9-11-12, waived the defense. *Mathis v. Hammond*, 268 Ga. 158, 159 (1) (486 SE2d 356) (1997); *Jones v. Dykes*, 231 Ga. App. 110,

111 (4) (497 SE2d 828) (1998); *Adams v. Wright*, 162 Ga. App. 550, 551 (1) (293 SE2d 446) (1982).

Moreover, "[i]ssues presented for the first time on appeal furnish nothing for this Court to review, for this is a court for correction of errors committed by the trial court where proper exception is taken." (Footnote omitted.) *Hadlock v. Anderson*, 246 Ga. App. 291, 295 (2) (540 SE2d 282) (2000), citing *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (b) (513 SE2d 16) (1999).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JUNE 16, 2005.

*Mary J. Schrade*, for appellants.
*Thompson, Slagle & Hannan, John D. Alexander*, for appellee.