**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 13, 2017

# In the Court of Appeals of Georgia

A17A0424. RINTOUL, et al. v. TOLBERT, et al.

BETHEL, Judge.

Katherine R. Rintoul and William R. Garner appeal the grant of partial summary judgment against them. They argue the superior court erred in (1) considering the untimely motion; (2) granting the motion on the basis of res judicata as to Garner's claim of constructive discharge under Georgia's Whistleblower Act; and (3) granting certain defendants governmental immunity. We reverse the grant of summary judgment with respect to Garner's claim of constructive discharge under Georgia's Whistleblower Act because the superior court improperly found the claim barred by res judicata. We affirm the grant of summary judgment on the remaining grounds because the superior court has discretion to consider the motion and because

there is no remedy against individual defendants in their personal capacity under the Whistleblower Act.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." OCGA § 9-11-56 (c). "In response to a properly supported motion for summary judgment which pierces the pleadings, plaintiffs may not stand upon their allegations, but must come forward with evidence to contravene defendants' proof or suffer judgment." *Essien v. CitiMortgage, Inc.*, 335 Ga. App. 727, 727 (781 SE2d 599) (2016) (citations omitted).

> Summary judgment enjoys no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

2

Viewed in this light, the evidence[1] shows Rintoul was the city clerk and the librarian for the City of Pendergrass, among her other responsibilities. Garner was a police officer for the City of Pendergrass. Rintoul and Garner approached the mayor, Melvin Tolbert, with information and documents of what they alleged to be misappropriation of city funds, misuse of city property, bribery, and verbal abuse by the police chief and city administrator, Robert J. Russell, III. The mayor promised to investigate the allegations and respond to Rintoul and Garner within a week. The city attorney reviewed the information and documents presented to the mayor and concluded that they did not support the claims of financial or legal wrongdoing. But the investigation did show that Russell had been verbally abusive to employees. Russell was subsequently removed as police chief.

Rintoul and Garner allege that their reporting of these alleged misdeeds to the mayor led to a series of retaliatory actions, including the termination of Rintoul and

---

[1] Rintoul and Garner failed to cite to the record in their recitation of facts. Court of Appeals Rule 25 (c) (2) (i) requires each enumeration of error to be supported "by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration."

the "constructive discharge" of Garner.[2] The mayor and the other defendants claim that the actions Rintoul and Garner argue were retaliatory actually resulted from the economic recession that had begun in 2008.

A consolidated action was filed in federal court against the city, the mayor, Russell, and several city council members by Rintoul and Garner, claiming retaliation in violation of their First and Fourteenth Amendment rights, conspiracy to deprive them of those same rights in violation of 42 U.S.C. § 1985, and violation of Georgia's Whistleblower Act, OCGA § 45-1-4. The federal court granted summary judgment on the federal claims and dismissed the Georgia Whistleblower Act claim without prejudice.

Rintoul and Garner then filed suit against Russell, the mayor, several city council members, and two police officers (collectively, the "defendants") in the superior court of Jackson County, alleging a number of disturbing allegations, including that Rintoul's termination and Garner's "constructive discharge" resulted from their whistle-blowing activity, as well as claims for RICO violations, tampering with evidence, threatening and influencing witnesses, theft by conversion, theft of

---

[2] Garner alleges he was suspended without pay, placed on probation, demoted, had privileges revoked, and was barred from communicating with other police officers.

services, criminal conspiracy, bribery, extortion, and false statements, libel and slander. The defendants moved for summary judgment, arguing, among other things, that the federal court judge's finding that Garner's work environment and conditions of employment did not "present the type of unbearable circumstances that the Eleventh Circuit has previously found necessary to sustain a constructive discharge claim" rendered their whistle-blower claim res judicata. The superior court granted the defendants' motion on all counts except for Rintoul and Garner's whistle-blower claim. With respect to that claim, the superior court found that the federal judge's "determination that Garner was not constructively discharged for the purposes of the First Amendment was not dispositive of whether he was constructively discharged for the purposes of the Georgia Whistle-Blower [sic] Act." However, the superior court judge responsible for this order passed away soon thereafter, and another judge was appointed his successor. Following the appointment, the defendants refiled their motion for summary judgment with respect to Garner's whistleblower claim, again arguing res judicata. The second judge granted the motion, and this appeal followed.

1. Rintoul and Garner argue that the superior court erred in considering the defendants' motion for summary judgment filed after the deadline for such motions set in the court's pretrial order. The superior court's pretrial order provided that all

5

motions (except motions in limine or to strike all or part of a deposition) were to be filed by August 15, 2013. The order further provided that it could "not be amended except by consent of the parties and the Court or by Order of the Court to prevent manifest injustice." Defendants filed their second motion for summary judgment nearly two years after this deadline without consent of Rintoul or Garner or a court order. But the trial court has discretion to extend the deadline for filing and hearing motions for summary judgment. *Blakey v. Victory Equip. Sales, Inc.*, 259 Ga. App. 34, 34 (1) (576 SE2d 288) (2002); *Kammerer Real Estate Holdings, LLC v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 398 (4) (740 SE2d 635) (2012), overruled on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 n.1 (747 SE2d 68) (2013); Uniform Rules for the Superior Courts, Rule 6.6 ("Motions for summary judgment shall be filed sufficiently early so as not to delay the trial. No trial shall be continued by reason of the delayed filing of a motion for summary judgment."). Further, "it is within the discretion of a trial judge to consider a renewed motion for summary judgment even without an expansion of the record. There is nothing in OCGA § 9-11-56 limiting the number of times a party may make a motion for summary judgment." *Hubbard v. Dep't of Transp.*, 256 Ga. App. 342, 344 (1) (568 SE2d 559) (2002) (citations omitted). Therefore, we find no error in the superior

6

court's consideration of the late filed motion. *See Kammerer Real Estate Holdings*, 319 Ga. App. at 398 (4).

2. Rintoul and Garner argue that the superior court erred in granting summary judgment as to Garner's claims of constructive discharge and retaliation under OCGA § 45-1-4 on the basis of res judicata. In Georgia, OCGA § 9-12-40 represents a codification of the common-law doctrine of res judicata, and provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." The purpose of this doctrine "is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Sampson v. Ga. Dep't of Juvenile Justice*, 328 Ga. App. 733, 736 (1) (760 SE2d 203) (2014) (footnote and punctuation omitted). "Thus, three prerequisites must be satisfied before res judicata acts as a bar to subsequent litigation, those being the identity of the cause of action, identity of the parties or their privies, and a previous adjudication on the merits by a court of competent jurisdiction." *Id.* (footnote

7

omitted). The party invoking the doctrine of res judicata has the burden of proving the defense. *Id.*

Here, despite the superior court's determination to the contrary, the causes of action in the federal and state cases are not identical. In the superior court action, Garner's claim was for retaliation, unjust termination, and constructive discharge in violation of the Georgia Whistleblower Act. But the corresponding claim in the federal action was dismissed without prejudice when the federal court declined to exercise its supplemental jurisdiction. However, the trial court found that res judicata barred Garner's constructive discharge claim under the Georgia Whistleblower Act because, with respect to his claim that he was constructively discharged in retaliation for exercising his constitutional rights brought in the federal action, the district court had already determined that Garner could not "demonstrate that he was constructively discharged. His work environment and conditions of employment were not so unbearable that a reasonable person would be compelled to resign." The district court concluded that "Garner is unable as a matter of law to make a sufficient showing on two essential elements of his constructive discharge claim. Garner has failed to demonstrate either that his speech was constitutionally protected or that he was constructively discharged." Thus, the superior court concluded that the question of

8

whether Garner was constructively discharged had been previously litigated and decided by the district court, and therefore res judicata barred Garner's claim that he was constructively discharged in violation of Georgia's Whistleblower Act. We disagree.

Strictly speaking, the doctrine of res judicata does not apply because there is not an identity of causes of action in both the federal and superior court cases. For the purposes of res judicata, "[t]he fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' within the meaning of OCGA § 9-12-40. For that doctrine to act as a bar, the cause of action in each suit must be identical." *Morrison v. Morrison*, 284 Ga. 112, 115 (3) (663 SE2d 714) (2008) (citation and punctuation omitted); *see also Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486-87 (696 SE2d 667) (2010).

> But the rule with reference to the doctrine of estoppel by judgment[, or collateral estoppel,] is somewhat different, in that there can be an estoppel by judgment whenever there has been litigation between the same parties, even though based upon a different cause of action, as to such matters only as were necessarily or actually adjudicated in the former litigation.

9

*House v. Benton*, 42 Ga. App. 97, 97-98 (155 SE 47) (1930); *see also Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984). "We may affirm the trial court's grant of summary judgment if it is right for any reason, whether stated or unstated, so long as the legal basis was fairly presented in the court below." *Cook Pecan Co., Inc. v. McDaniel*, 337 Ga. App. 186, 192 (3) (b) (786 SE2d 852) (2016). However, the defendants only argued that Garner's claim for constructive discharge under the Georgia Whistleblower Act brought in the superior court action was barred by res judicata. The defendants did not raise any argument with respect to collateral estoppel. Thus, we will not consider applying the right for any reason rule on collateral estoppel grounds here. The superior court erred in granting summary judgment on the basis of res judicata as to Garner's claim of constructive discharge under the Georgia Whistleblower Act.

3. Rintoul and Garner next argue that the superior court erred in granting the individual officials governmental immunity. We disagree.

Rintoul and Garner alleged in their complaint that the mayor, Russell, and the council member defendants are individually and personally liable for their actions that violated the Georgia Whistleblower Act based on the language set forth in OCGA § 36-33-4. However, the superior court held that the remedies provided under

10

OCGA § 36-33-4 could not be "judicially grafted" onto the Whistleblower Act, which does not mention that code section, nor provides for individual liability. Indeed, because Rintoul and Garner have no remedy against the individual defendants in their personal capacities,[3] we affirm the grant of summary judgment.[4]

*Judgment affirmed in part, reversed in part. McFadden, P. J., and Branch, J., concur.*

---

[3] *Jones v. Bd. of Regents of Univ. Sys. of Ga.*, 262 Ga. App. 75, 82 (4) (585 SE2d 138) (2003).

[4] In light of this disposition, we need not and expressly do not address the additional grounds on which the superior court granted summary judgment, nor Rintoul and Garner's corresponding arguments regarding malice and the ministerial or discretionary nature of the individual defendants' duties.