**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 4, 2019**

# In the Court of Appeals of Georgia

A18A1688. FORD v. FORD.

McFADDEN, Presiding Judge.

This is an appeal from an award of attorney fees in a divorce action between James and Claire Ford (respectively, "the husband" and "the wife"). The trial court awarded attorney fees to the wife pursuant to OCGA § 19-6-2, following the entry of a final judgment and decree of divorce that incorporated the parties' settlement agreement. As detailed below, the award was improper because the terms of the settlement agreement preclude it. We are unpersuaded by the wife's argument that we cannot address this issue on appeal and so by her argument that the appeal is frivolous. We therefore reverse the award of attorney fees and deny the wife's motion for frivolous-appeal sanctions.

1. *Procedural history and posture.*

The wife filed a complaint for divorce on August 15, 2016. Among other things, she asked to be awarded temporary and permanent alimony and attorney fees. The trial court entered a consent temporary order that required the husband to pay monthly support payments to the wife and expressly reserved the issue of attorney fees. The parties conducted discovery and the husband demanded a jury trial. Subsequently, the wife filed a motion seeking interim attorney fees and expenses of litigation under OCGA § 19-6-2. It appears that the parties reached a settlement agreement before the trial court could rule on that motion.

The parties' settlement agreement contains the following provision entitled "Alimony":

> Neither party shall pay any alimony to the other. Each party does forever waive all rights to receive any alimony from the other party, including periodic, lump-sum, alimony in-kind, or any other claims of any nature whatsoever each may have against the other for any payment in the nature of alimony under existing or future laws or statutes of the State of Georgia or any other state or country in which the parties may be residing. Each accepts this Agreement as settlement of all past, present, and future claims of modification of alimony as provided by OCGA § 19-6-19 (a), (b), (c), (d), and any amendments thereto, and any and all future laws regarding modification of alimony as may be enacted in this or any other state, and the parties are specifically relying upon the case

2

of *Varn v. Varn*, 242 Ga. 309 [248 SE2d 667] (1978)[,[1]] in agreeing to this waiver.

The settlement agreement also contains a provision entitled "Attorney[ ] Fees," which states:

> The parties agree that the Honorable Christopher S. Brasher, Superior Court of Fulton County, Georgia shall determine the issue of attorney[ ] fees. Unless otherwise agreed in writing, the parties shall submit their respective Motion for Attorney[ ] Fees to Judge Brasher by letter brief within thirty (30) days of the execution of this Agreement by both parties.

The trial court entered a final judgment and decree of divorce on December 7, 2017, incorporating the parties' settlement agreement. Subsequently, the wife submitted a letter brief asking the trial court to award her attorney fees under both OCGA § 19-6-2 and OCGA § 9-15-14 (b). The husband filed a letter brief in response, in which he argued that the wife was not entitled to attorney fees under either Code section; he did not mention the settlement agreement's waiver-of-alimony

---

[1] The *Varn* decision concerned the language required to waive the right to modification of alimony, which is not an issue in this case. See *Varn*, 242 Ga. at 311 (1).

3

provision in his letter brief. The trial court awarded the wife attorney fees under OCGA § 19-6-2 but denied her request for attorney fees under OCGA § 9-15-14. The husband moved for reconsideration of the award of attorney fees under OCGA § 19-6-2 on the ground that the award constituted alimony in violation of the terms of the parties' settlement agreement. The trial court had not ruled on the motion for reconsideration when the husband petitioned for a discretionary appeal from the attorney fee award. See generally *Threatt v. Forsyth County*, 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001) (motion for reconsideration does not extend time for filing notice of appeal). We granted discretionary appellate review of the award.

2. *This court may address the question of whether the terms of the settlement agreement preclude the award of attorney fees.*

We first consider whether we may address the impact of the terms of the parties' settlement agreement on the award of attorney fees. The wife argues that we may not address this issue for two reasons — because the husband did not properly preserve it for appellate review and because he did not adequately enumerate it as error in his appellate brief. We disagree on both counts.

(a) *Preservation of issue for appellate review.*

The wife argues that the husband did not adequately preserve for appellate review the issue of whether the settlement agreement precluded the attorney fees award. The husband made this argument in his motion for reconsideration, but the trial court did not rule on that motion and "[i]ssues which have not been ruled on by the trial court may not be raised on appeal." *Brookfield Country Club v. St. James-Brookfield, LLC*, 287 Ga. 408, 413 (3) (696 SE2d 663) (2010) (citation and punctuation omitted). This rule, however, does not prevent the husband from challenging the sufficiency of the evidence supporting the attorney fees award, and the husband may argue the effect of the settlement agreement in making that challenge.

A party who bears the burden of proof cannot obtain a judgment without demonstrating that he or she is entitled to that judgment. Where the party obtains the judgment without meeting the burden of proof, the opposing party may challenge the judgment on that ground, and in doing so may assert arguments not made to the trial court. We see this principle at play in our case law in several contexts: Where a plaintiff obtains a summary judgment without meeting his or her evidentiary burden of proving a prima facie case, the defendant against whom the summary judgment was entered may challenge the sufficiency of the evidence on appeal even if he or she did not expressly raise that argument in the trial court. See *Dental One Assoc. v. JKR*

5

*Realty Assoc.*, 269 Ga. 616, 618 (1) (501 SE2d 497) (1998). See also *Kammerer Real Estate Holdings, LLC v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 399 (740 SE2d 635) (2012) ("an argument on a factual issue that is part of the movant's prima facie case is not waived by failing to raise it in the trial court") (citation omitted), disapproved in part on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 (2) n. 1 (747 SE2d 68) (2013). Where a defendant obtains the dismissal of an action for failure to state a claim without demonstrating the statutory prerequisites for that dismissal, the plaintiff may assert that failure on appeal using a specific argument not made to the trial court. See *Procter v. Gwinnett Pulmonary Group, P.C.*, 312 Ga. App. 486, 487 (1) (718 SE2d 860) (2011). Where a plaintiff fails to present evidence at trial of a specific element of the cause of action, but the defendant does not argue this failure in his motion for directed verdict, he may nevertheless attack that element in challenging the sufficiency of the evidence on appeal. See *Redmon v. Daniel*, 335 Ga. App. 159, 163 (1) n. 5 (779 SE2d 778) (2015). Where a plaintiff seeking punitive damages fails to meet a statutorily-imposed procedural burden for obtaining such damages, but the defendant does not properly object to that failure below, he nevertheless may obtain reversal of the award on that ground. See *Quay v. Heritage Financial*, 274 Ga. App. 358, 361 (1) (617 SE2d 618) (2005).

Applying the principle to this case, the husband may argue on appeal that, given the settlement agreement's language, the wife failed to meet her burden of showing her entitlement to the award of attorney fees. See *Webb v. Watkins*, 283 Ga. App. 385, 386 (2) (641 SE2d 611) (2007) (party seeking attorney fees bears burden of showing entitlement to them). The dissent asserts that we cannot consider this argument because the trial court did not have the opportunity to rule on it. But, fundamentally, the husband's argument is a challenge to the sufficiency of the evidence supporting the award, and the trial court's entry of the award was a ruling that the wife had met her evidentiary burden. Cf. OCGA § 5-6-36 (a) ("The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court."). We cannot construe the trial court's ruling as anything other than a determination that the evidence was sufficient to support the award.

As explained in Division 3, below, the evidence was not sufficient to support the award. Instead, the evidence showed that the parties agreed neither would be entitled to such an award. We are not compelled on appeal to ignore the insufficiency of the evidence simply because the husband, when he raised before the trial court the

issue of the sufficiency of the evidence, did not articulate the best reason for its insufficiency until his motion for reconsideration.

The dissent would have us affirm an award to a party who failed to demonstrate entitlement to that award — an award that contravenes not only the parties' settlement agreement but the trial court's own final judgment and decree of divorce. Neither *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828-829 (2) (573 SE2d 389) (2002) (holding that plaintiff opposing summary judgment must present all viable theories of recovery to trial court), nor the other cases cited by the dissent require this result.

(b) *Enumeration of issue on appeal.*

The wife asserts that the husband's argument regarding the effect of the settlement agreement impermissibly expands his enumeration of errors, apparently because his enumeration of errors does not set forth this specific argument. But the husband is not required to set forth specific arguments in his enumeration of errors; he is only required to set forth the legal ruling that he is challenging. Our Supreme Court explained this important distinction in *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999), holding that the "error" that must be set forth in an enumeration of errors is "a specific ruling made by the trial court. . . . The individual facets of [an appellant's] attack on the legal ruling . . . are arguments in support of a legal position

8

and are not, in and of themselves, errors of law." Id. at 539. The husband sets forth in his enumeration of errors the specific ruling of the trial court that he challenges — the award of attorney fees under OCGA § 19-6-2. His assertion that the terms of the settlement agreement precluded the award is not a legal ruling that must be included in the enumeration of errors but merely an argument supporting his challenge to that legal ruling, and he is not required to include that argument in his enumeration of errors. See id.

3. *The terms of the settlement agreement preclude the attorney fees award.*

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or contract." *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000) (citation omitted). The statute under which the attorney fees in this case were awarded, OCGA § 19-6-2, permits a trial court to award attorney fees "as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case." OCGA § 19-6-2 (a). "Attorney fees . . . awarded to a spouse pursuant to OCGA § 19-6-2 . . . are considered to be a part of alimony." *Vakharwala v. Vakharwala*, 301 Ga. 251, 254 (1) (b) (799 SE2d 797) (2017) (citations omitted).

9

The parties dispute whether the terms of their settlement agreement, which the trial court incorporated into the final divorce decree, permit the recovery of attorney fees under OCGA § 19-6-2. We agree with the husband that the settlement agreement does not permit the award.

"'The cardinal rule of [contract] construction is to ascertain the intention of the parties.' OCGA § 13-2-3[.]" *Sutherlin v. Sutherlin*, 301 Ga. 581, 584 (II) (A) (802 SE2d 204) (2017) (citation omitted). "Where any contractual term of a settlement agreement incorporated into a decree is clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced. However, where there is ambiguity, we must apply well-settled rules of contract construction." *Cahill v. United States*, 303 Ga. 148, 150 (810 SE2d 480) (2018) (citations and punctuation omitted).

There is ambiguity in the settlement agreement as to whether the parties may seek attorney fees under OCGA § 19-6-2. As stated above, an award of attorney fees under OCGA § 19-6-2 is a form of alimony. The "Attorney[ ] Fees" provision of the agreement sets forth a procedure by which the parties may request attorney fees, but the "Alimony" provision of the agreement states that neither party has a right to receive alimony in any form. Under our rules of contract construction, "we must

10

attempt to give clear meaning to th[ese] provision[s], construing [them] in the context of the entire agreement and giving [them] a construction that will uphold the agreement rather than rendering it meaningless and ineffective." *Cahill*, supra at 151 (citations and punctuation omitted). Accordingly, we "should avoid any construction that renders portions of the contract language meaningless." *Sutherlin*, supra at 585 (II) (A) (citations and punctuation omitted). See OCGA § 13-2-2 (4).

The wife argues for a construction that would except from the "Alimony" provision of the settlement agreement alimony in the form of attorney fees under OCGA § 19-6-2. Such construction would render meaningless the portion of the provision stating that the parties waive their right to "any . . . *claims of any nature whatsoever* . . . for any payment in the nature of alimony." (Emphasis supplied.) This broadly worded waiver leaves no room for the exception the wife proposes.

The husband argues for a construction that would except from the "Attorney[ ] Fees" provision of the settlement agreement fees awarded under OCGA § 19-6-2. This construction would not render meaningless any portions of the "Attorney[ ] Fees" provision, because that provision does not state either that it applies to *all* types of attorney fees or that it applies specifically to attorney fees awarded under OCGA § 19-6-2. So even if attorney fees under OCGA § 19-6-2 were excepted from the

provision, the provision would still have meaning because it would apply to other types of attorney fees, such as the attorney fees sought by the wife under OCGA § 9-15-14 (b).

The construction of the settlement agreement advocated by the husband gives meaning to both the "Alimony" and "Attorney[ ] Fees" provisions. The settlement agreement provides the parties with a method for pursuing claims for attorney fees, but this method does not extend to attorney fees waived by the parties (namely, attorney fees awarded under OCGA § 19-6-2 that are in the nature of alimony).

The wife asserts that extrinsic evidence shows the parties intended the settlement agreement to allow them to seek attorney fees under OCGA § 19-6-2. But as explained above, the terms of the settlement agreement, construed in accordance with our rules of contract construction, provide otherwise. Moreover, the settlement agreement includes a provision indicating that it is the parties' entire agreement. "[I]n general, the parties' intent is to be determined from the [agreement's] text alone, and extrinsic evidence will be used to interpret the [agreement] only when its text is so ambiguous that its meaning cannot be determined through application of the ordinary rules of textual construction." *Atlanta Dev. Auth. v. Clark Atlanta Univ.*, 298 Ga. 575, 580 (III) (784 SE2d 353) (2016) (citation omitted). Extrinsic evidence "cannot be

used to contradict or vary the terms of a valid written agreement[.]" *Moreno v. Smith*, 299 Ga. 443 (1) (788 SE2d 349) (2016). See OCGA § 13-2-2 (1) ("Parol evidence is inadmissible to add to, take from, or vary a written contract."). Unlike *Frickey v. Jones*, 280 Ga. 573 (630 SE2d 374) (2006), cited by the wife, this is not a case where the existence of the contract is in dispute.

4. *Motion for frivolous-appeal sanctions.*

Given our conclusion in favor of the husband, we deny the wife's motion for sanctions under Court of Appeals Rule 7 (e) (2), which permits the imposition of a penalty for a frivolous appeal.

*Judgment reversed. Reese, J., concurs and Rickman, J., dissents.*

**\*"THIS OPINION IS PHYSICAL PRECEDENT ONLY, COURT OF APPEALS RULE 33.2(a)"**.

# In the Court of Appeals of Georgia

A18A1688. FORD v. FORD.

RICKMAN, Judge, dissenting.

Because the majority fails to follow our well-established rule that we do not address issues that were not raised and ruled upon in the trial court, I respectfully dissent.

In the trial court, the wife sought attorney fees pursuant to OCGA § 19-6-2 and OCGA § 9-15-14. With respect to the claim for fees under OCGA § 19-6-2, the husband responded that the wife did not qualify for an award of attorney fees under the requirements of the statute because the wife had an equal if not greater ability to

pay her own attorney fees. The trial court awarded attorney fees to the wife under OCGA § 19-6-2 and denied her request for fees under OCGA § 9-15-14. The husband then filed a motion for reconsideration, raising for the first time his argument that the terms of the parties' settlement agreement addressing alimony, in conjunction with case law interpreting OCGA § 19-6-2, precluded the wife from seeking attorney fees under OCGA § 19-6-2. The trial court did not rule on the motion before the husband petitioned for and was granted a discretionary appeal. The husband now seeks to raise his new argument in this Court as his only argument on appeal.

"[A]bsent special circumstances,[1] an appellate court need not consider arguments raised for the first time on appeal." *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002); see *Shelley v. Town of Tyrone*, 302 Ga. 297, 308 (3) (806 SE2d 535) (2017) (an appellant may not "on appeal raise questions or issues neither raised or ruled upon by the trial court"). The reason we do not consider issues raised for the first time on appeal is because the trial court has not had an opportunity to consider them. *Extremity Healthcare v. Access To Care America*,

---

[1] "Special circumstances could include a jurisdictional challenge, a claim of sovereign immunity, a serious issue of public policy, a change in the law, or an error that works manifest injustice." (Citation and punctuation omitted.) *Pfeiffer*, 275 Ga. at 829 (2), n.10.

339 Ga. App. 246, 258 (3) (793 SE2d 529 (2016). Further, it is well-established that "this Court is for the correction of errors of law, and when the trial court has not ruled on an issue, we will not address it." *Findley v. City of Atlanta*, 345 Ga. App. 649, 652 (2) (814 SE2d 781) (2018); *Stanley v. Govt. Employees Ins. Co.*, 344 Ga. App. 342, 346 (2) (810 SE2d 179) (2018). Because the husband's new argument was not raised and ruled on in the trial court, we should not address it.

The majority seeks to create an exception to our well-established rule, taking the position that part of the wife's burden of proof in showing her entitlement to attorney fees under OCGA § 19-6-2 was a requirement that she demonstrate her entitlement to those fees under the settlement agreement. As a result, the majority concludes that the husband is free to raise his new argument based on the terms of the settlement agreement, and that we should address it. To reach that conclusion, the majority misconstrues the husband's initial and very limited response to the wife's claim for fees, arguing that it is broad enough to encompass virtually any challenge to the wife's claim of entitlement to fees.

The majority relies on *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616 (501 SE2d 497) (1998), which arises in the summary judgment context and provides that an argument on a factual issue that is part of the movant's prima facie case is not

4

waived by failing to raise it in the trial court. Id. at 617-618 (1). That case does not, however, stand for the proposition that a party can raise new legal issues on appeal. Instead,

> that case simply acknowledges that to be entitled to summary judgment, a party who bears the burden of proof at trial must present the trial court with the facts showing its entitlement to judgment. When the record fails to contain the facts supporting the grant of summary judgment, the non-movant may argue this ground to the appellate court regardless of whether the non-movant asserted an "objection to the prima facie case."

*Pfeiffer*, 275 Ga. at 830 (3). The second case cited by the majority supports a finding that the husband has waived his new argument in this case. See *Kammerer Real Estate Holdings v. PLH Sandy Springs, LLC*, 319 Ga. App. 393, 399-400 (740 SE2d 635) (2012), disapproved in part on other grounds, *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 (2), n.1 (747 SE2d 68) (2013) (where new argument would require us to construe contract terms to determine whether a contract is ambiguous, argument is not one asserting that the record fails to contain the facts supporting the grant of summary judgment, but presents a question of law, or, at best, a mixed question of law and fact, and argument is waived on appeal). And the remaining cases relied upon by

5

the majority allow new arguments related to the failure to meet statutorily-imposed burdens or to the plaintiff's failure to establish the basic elements of a claim.

None of those cases support the creation of an exception to our general rule that we only consider issues that have been raised and ruled upon in the trial court. The wife's burden was to establish a claim under OCGA § 19-6-2, which requires that the claim be made in an action for alimony or divorce and alimony and that the claimant provide evidence of the financial circumstances of both parties. See OCGA § 19-6-2 (a). The wife's complaint for divorce sought temporary and permanent alimony, and there was evidence that monthly alimony of $2,500 was ordered to be paid by the husband until further order of court. The trial court's order indicates that it considered the evidence presented regarding the financial circumstances of the parties, determined that the husband was in a superior financial position, and awarded fees on that basis. Thus, it appears that the wife met her burden to set forth the elements of her claim, and the husband was obligated to raise any arguments related to that claim in the trial court. We need not consider a new legal argument that was not raised and ruled upon in the trial court and that would require us to construe the terms of the settlement agreement. See *Findley*, 345 Ga. App. at 652 (2); *Kammerer Real Estate Holdings*, 319 Ga. App. at 399-400.

6